**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 11-4922**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

OSWALD MILES, JR.,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:10-cr-00382-FL-1)

---

Submitted: April 5, 2012        Decided: May 15, 2012

---

Before NIEMEYER, KEENAN, and DIAZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Mitchell G. Styers, BANZET, THOMPSON & STYERS, PLLC, Warrenton, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oswald Miles, Jr., pled guilty to possession of stolen ammunition in violation of 18 U.S.C. § 922(j) (2006). The district court departed above the Guidelines range pursuant to U.S. Sentencing Guidelines Manual §§ 4A1.3, p.s., 5K2.21, p.s. (Inadequate Criminal History Category; Dismissed and Uncharged Conduct) (2010), and imposed a sentence of forty-one months' imprisonment. Miles appeals his sentence, arguing that the district court procedurally erred in several respects in making the departure. We affirm.

We review a sentence for reasonableness under an abuse of discretion standard, which includes both procedural and substantive reasonableness. Gall v. United States, 552 U.S. 38, 51 (2007). The same standard applies whether the sentence is "inside, just outside, or significantly outside the Guidelines range." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The district court "has flexibility in fashioning a sentence outside of the Guidelines range," and need only "set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis" for its decision. United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir.) (citing Rita v. United States, 551 U.S. 338, 356 (2007)), cert. denied, 131 S. Ct. 2946 (2011).

Guidelines § 4A1.3(a)(1) provides that, "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted." Miles contends that the district court committed procedural error in departing based only on his prior convictions, set out in the presentence report, without considering any other "reliable information" concerning the seriousness of his criminal record. His position is not supported by the language of § 4A1.3 or its commentary. Miles' prior convictions constituted reliable evidence because they were "established by . . . interaction with the legal system[.]" United States v. Weisser, 417 F.3d 336, 351 (2d Cir. 2005) (holding that defendant's alleged sexual relationship with teenage boy as evidenced by internet chats was not "reliable information" for § 4A1.3 departure).

The district court found that Miles' multiple convictions, beginning at a young age, indicated a propensity to further criminal conduct which was not reflected in his criminal history category. Moreover, the court found that other admitted criminal conduct was not accounted for, specifically, his crimes against the two underlying victims of his current offense. We

3

conclude that the court identified a sufficiently reliable basis for the departure.

Next, Miles claims that the district court failed to follow correctly the incremental approach set out in § 4A1.3 and case law for departures above criminal history category VI, see United States v. Dalton, 477 F.3d 195, 199 (4th Cir. 2007), because the court moved from offense level 11 to level 13 without addressing the adequacy of level 12. However, in Dalton we held that "[s]ection 4A1.3's mandate to depart incrementally does not, of course, require a sentencing judge to move only one level, or to explain its rejection of each and every intervening level." Id. (internal quotation marks and citation omitted). By finding that offense level 13 produced a sentencing range that allowed a sentence that the court decided was sufficient, but not greater than necessary to account for the seriousness of Miles' offense and the likelihood that he would commit future crimes, the court implicitly rejected offense level 12 as inadequate to comply with the purposes of § 3553(a).

Finally, Miles suggests that the district court failed to explain adequately its reasons for the extent of the departure. However, the sentencing judge need only "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Carter, 564 F.3d at 328

4

(quoting Rita, 551 U.S. at 356). We are satisfied that the district court's explanation for the sentence did not constitute procedural error.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED